**THE LAW OFFICES OF JON TAYLOR, ESQUIRE, PC**
Jon Taylor, Esquire
Attorney I.D. 202792
1515 Market Street,
Second Floor Suite 950
Philadelphia, PA 19102
Office 215-687-4443
**ATTORNEY FOR THE PLAINTIFFS EUGENE BUKH AND PERFECT PROPERTIES TWO, LLC**

### UNITED STATES EASTERN DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Eugene Bukh**<br>**2301 Green Street**<br>**Suite 1**<br>**Philadelphia, PA 19130**<br><br>**&**<br><br>**Perfect Properties Two, LLC**<br>**1420 Walnut Street**<br>**Suite 800**<br>**Philadelphia, PA 19102**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**Perfect Properties Development, LLC**<br>**1420 Walnut Street**<br>**Suite 800**<br>**Philadelphia, PA 19102**<br>**&**<br>**John Barrasso**<br>**7 Lansbrook Court**<br>**Sewell, New Jersey 08080**<br>**&**<br>**John Arrante**<br>**817 Hollyberry Lane**<br>**Brick, NJ 08724**<br>**&**<br>**Richard Fiore**<br>**15 Liberty Lane**<br>**Cherry Hill, NJ 08002**<br>**&** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION**<br><br>**NO.:  161003078** |

**Lava Funding, LLC**
**1205 Delsea Drive**
**Deptford, New Jersey 08093**
**&**
**1701 South Street Partners, LLC**
**1420 Walnut Street**
**Suite 1216**
**Philadelphia, PA 19102**
**&**
**Walnut Street Partners, LLC**
**1700 Frankford Avenue**
**Suite 2A**
**Philadelphia, PA 19125**
**&**
**2320 York Street, LLC**
**1700 Frankford Avenue**
**Suite 2A**
**Philadelphia, PA 1912**
**&**
**1768 Frankford, LLC**
**7 Lansbrook CT,**
**Sewell, New Jersey 08080**
*Defendants.*

## THIRD AMENDED COMPLAINT

Plaintiff Eugene Bukh & Perfect Properties Two, LLC, by and through his undersigned attorney, brings this second amended complaint against Defendants Lava Funding, LLC, John Barrasso, Richard Fiore, and John Arrante, 1701 South Street Partners, LLC, Walnut Street Partners, LLC,  2320 York Street, LLC and Perfect Properties Development  (collectively the "Defendants") and avers as follows:

## PARTIES

1.      Plaintiff Eugene Bukh ("Mr. Bukh") is an adult with a mailing address at 2301 Green Street, Suite 1, Philadelphia, PA 19130

2.      Plaintiff Perfect Properties Two, LLC is a Pennsylvania limited liability company with a registered address at 2301 Green Street Unit 1, Philadelphia PA 19130

3.      Defendant Lava Funding, LLC ("Lava Funding") is a Pennsylvania limited Liability Company with a registered mailing address at 1821 Memphis Street, 3rd Floor, Philadelphia, PA 19125.

4.      Defendant John Barrasso ("Mr. Barrasso") is an adult with a mailing address at 7 Lansbrook CT, Sewell, New Jersey 08080.

5.      Defendant Richard Fiore ("Mr. Fiore") is an adult with a mailing address at 15 Liberty Lane, Cherry Hill, NJ 08002.

6.   Defendant John Arrante  (Mr. Arrante") is an adult with a mailing address at 873 Hollyberry Lane, Brick, NJ 08724.

7.   Defendant 1701 South Street Partners, LLC is a Pennsylvania entity with a registered mailing address at 1420 Walnut Street, Suite 1216, Philadelphia, PA 19102.

8.   Defendant Perfect Properties Development, LLC is a Pennsylvania entity with a registered mailing address at 1420 Walnut Street, Suite 800, Philadelphia, PA 19102.

9.   Defendant Walnut Street Partners, LLC is a Pennsylvania entity with a registered mailing address at 1700 Frankford Avenue, Suite 2A, Philadelphia, PA 19125.

10. Defendant 1768 Frankford, LLC is a Pennsylvania entity with a mailing address at 7 Lansbrook CT, Sewell, NJ 08002 .

11.  Defendant 2320 York Street, LLC is a Pennsylvania entity with a mailing address at 1700 Frankford Avenue, Suite 2A, Philadelphia, PA 19125.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, in that the RICO claims arise under the laws of the United States, and the state-law claims are so related to the RICO claims that they form part of the same case or

controversy.

13.     Venue is proper in this Court pursuant to 28 U..S.C. § 1391(a) since the defendants work in the Eastern District of Pennsylvania and a substantial part of the acts and omissions giving rise to the claims  occurred in the Eastern District of Pennsylvania.

## FACTS

### The Walnut Street Partners Loan

14.     In June 2012, Messrs. Fields and Bukh were part of a real estate development involving the acquisition of residential real properties in the City of Philadelphia for real estate development purposes.

15.     To facilitate the acquisition of said residential real properties,
 Messrs. Bukh and Fields created an entity called Walnut Street Partners, LLC ("Walnut Street Partners").

16.     Mr. Bukh was the Managing Member of Walnut Street Partners and Mr. Fields was the Member.

17.     Messrs. Bukh and Fields' respective membership interests in Walnut Street Partners were 50% each.

18.     On June 1, 2012, Walnut Street Partners, LLC ("Walnut Street Partners") purchased thirty four (34) real properties in the City of Philadelphia for real estate development purposes.

19.     The acquisition for the before mentioned 34 real properties was financed by a loan from Lava Funding in the amount of 1.3 Million (the "Walnut Street Partners Loan") evidenced by a promissory note. True and correct copy of the promissory note evidencing the Walnut Street Partners Loan is attached hereto as **Exhibits "A"** and are incorporated

herein by reference.

20.     The Walnut Street Partner's Loan was secured by a mortgage in favor of Lava Funding said thirty four (34) real properties in the City of Philadelphia. A true and correct copy of said mortgage is attached hereto as **Exhibit "B"** and is incorporated herein by reference.

### *The Seizure of Walnut Street Partners, LLC and Properties*

21.     By June of 2013, the Walnut Street Partner's Loan had matured and by that date was secured by the twenty five (25) remaining real properties listed below:

   a.     4761 Vista Street, Philadelphia, PA 19136

   b.     3937 Claridge Street, Philadelphia, PA 19124

   c.     2227 North Wanamaker Street, Philadelphia, PA 19131

   d.     1933 Elston Street, Philadelphia, PA 19146

   e.     5852 North Marvine Street, Philadelphia, PA 19141

   f.     218 East Wellens Street, Philadelphia, PA 19120

   g.     5115 Leiper Street, Philadelphia, PA 19124

   h.     219 Furley Street, Philadelphia, PA 19120

   i.     2511 South Robinson Street, Philadelphia, PA 19142

   j.     5232 Saul Street, Philadelphia, PA 19124

   k.     4408 Hurley Street, Philadelphia, PA 19120

   l.     1724 Federal Street, Philadelphia, PA 19146

   m.     4038 Aldine Street, Philadelphia, PA 19136

   n.     5617 Walton Avenue, Philadelphia, PA 19143

   o.     312 E. Cheltenham Avenue, Philadelphia, PA 19120

p.      5947 N 4th Street, Philadelphia, PA

q.      5534 Crowson Street, Philadelphia, PA 19144 (PP Two list)

r.      1737 N. 28th Street, Philadelphia, PA 19121

s.      1477 Lardner Street, Philadelphia, PA 19149

t.      6302 Rising Sun Avenue, Philadelphia, PA 19111

u.      7148 Edmund Street, Philadelphia, PA 19135

v.      6235 N. Beechwood, Philadelphia, PA 19138

w.     7704 Fayette Street, Philadelphia. PA 19150

x.      4143 Glendale Street, Philadelphia, PA 19124

y.      4751 Vista Street, Philadelphia, PA 19136

22.     Mr. Barrasso approached Mr. Bukh and Mr. Fields and made a proposal to assist Messrs. Bukh and Fields pay off the Walnut Street Partners Loan (the "Proposal").

23.     The Proposal was that Mr. Barrasso would refinance the Walnut Street Partners Loan provided Messrs. Bukh and Fields agreed to assign certain membership interests of 1701 South Street to agents and/or officers of Lava Funding, namely Mr. Fiore and Mr. Arrante removing Mr. Fields as a Member of 1701 South Street, *inter alia[1]*.

24.     As a result 1701 South Street was restructured as follows:

---

[1] In June 2011, Mr. Bukh and Mr. Fields were involved in a real estate project involving the acquisition and development of a certain real property located at 1701-09 South Street, Philadelphia, PA 19146 ("1701-09 South Street"). To facilitate the acquisition and development of 1701 South Street, Mr. Bukh and Mr. Fields formed a limited liability company styled as 1701 South Street Partners, LLC ("1701 South Street Partners") and received a loan to purchase the property from Lava Funding. Mr. Bukh, is his capacity as the sole member and managing member of Perfect Properties Two, LLC, acted as the Managing Member of 1701 South Street Partners and Mr. Fields acted as the Member of 1701 South Street Partners. The respective membership interests of Perfect Properties Two, LLC and Mr. Fields regarding 1701 South Street Partners were 50% each.

|   |   |   |   |
|---|---|---|---|
| a. | John Arrante | Member | 37½ |
| b. | Richard Fiore | Member | 37 ½ |
| c. | Perfect Properties Two, LLC Managing Member | | 25%[2] |

25.     A true and correct copy of the operating agreement reflecting the restructure set-forth in Paragraph 28 is enclosed herein as **Exhibit "C"** and is incorporated herein by reference[3].

26.     The Proposal also called for that certain real estate owned by Walnut Street Partner's be transferred to PP, TWO LLC. Contemporaneous with 1701-09 South Street & the Walnut Street Partners properties, Mr. Bukh was part of a real estate acquisition and development project involving certain real properties located on or about 1020 Catharine Street, Philadelphia PA 19147.  Bukh acquired the property in an entity styled as Perfect Properties Development, LLC.  And the proposal also called for Bukh to assign certain membership interests of Perfect Properties Development to and/or officers of Lava Funding, Messrs. Arrante and Fiore had acquired membership interest Perfect Properties Development was restructured as follows:

---

[2] As reflected by the amended operating agreement for Perfect Properties Two, LLC and pursuant to the Proposal, Mr. Bukh was to receive a $5,000.00 monthly salary as compensation for his role as the General Contractor regarding (1) 1701-09 South Street; (2) 1020 Catherine Street and as the property manager for the tenant occupied properties owned by Walnut Street Partners, which are listed within footnote 4.

[3] As reflected by the amended operating agreement for Perfect Properties Two, LLC and pursuant to the Proposal, Mr. Bukh was to receive a $5,000.00 monthly salary as compensation for his role as the General Contractor regarding (1) 1701-09 South Street; (2) 1020 Catherine Street and as the property manager for the tenant occupied properties owned by Walnut Street Partner. Per the operating agreement for Perfect Properties Development, LLC Bukh was also supposed to receive an advance of $60,000.00 of which he only received $43,000.00.

      a. John Arrante        Member 37 ½

      b. Ricard Fiore        Member 37 ½

      c. Eugene Bukh      Member  25%

A true and correct copy of the operating agreement reflecting the restructure is enclosed herein as **Exhibit "D"**

27.     After 1701 South Street was restructured and Walnut Street Partners had transferred the properties to PP, Two, LLC, Lava Funding tendered a loan to PP Two, LLC and Perfect Properties Two, LLC[4] in the amount $550,000.00 which was used to refinance the Walnut Street Partners Loan owed to Lava Funding, LLC.  A true and correct copy of the Notes is attached hereto as **Exhibit E**

28.     Unbeknownst to Mr. Bukh, in order to re-finance the Walnut Street Partners

---

[4] As part of the proposal the following vacant properties belonging to Walnut Street Partners was transferred to PP Two, LLC : (i) 5534 Crowson Street, Philadelphia, PA 19144 (ii) 1737 N. 28th  Street, Philadelphia, PA 19121 (iii) 1477 Lardner Street, Philadelphia, PA 19149 (iv) 6302 Rising Sun Avenue, Philadelphia, PA 19111 9 (v) 7148 Edmund Street, Philadelphia, PA 19135 (vi) 6235 N. Beechwood, Philadelphia, PA 19138 (vii) 7704 Fayette Street, Philadelphia. PA 19150 (viii) 4143 Glendale Street, Philadelphia, PA 19124 (ix) 4751 Vista Street, Philadelphia, PA 19136. And 1406 S 23rd Street & 1422 S 23rd Street Philadelphia PA 19146 were used as additional collateral.

After the transfer from Walnut Street Partners to PP Two, LLC Walnut Street Partners owned the following tenant occupied properties: (i)4761 Vista Street, Philadelphia, PA 19136 (ii) 3937 Claridge Street, Philadelphia, PA 19124 (ii) 2227 North Wanamaker Street, Philadelphia, PA 19131 (iii)1933 Elston Street, Philadelphia, PA 19146 (iv) 5852 North Marvine Street, Philadelphia, PA 19141 (v) 218 East Wellens Street, Philadelphia, PA 19120 (vi) 5115 Leiper Street, Philadelphia. PA 19124 (viii) 219 Furley Street, Philadelphia, PA 19120(ix)2511 South Robinson Street, Philadelphia, PA 19142 (x) 5232 Saul Street, Philadelphia, PA 19124 (xii) 4408 Hurley Street, Philadelphia, PA 19120 (xiii)1724 Federal Street, Philadelphia, PA 19146(xiv)4038 Aldine Street, Philadelphia, PA 19136(xv)5617 Walton Avenue, Philadelphia, PA 19143o(xvi) 312 E. Cheltenham Avenue, Philadelphia, PA 19120 and (xvii) 5947 N 4th Street, Philadelphia, PA 19120.

Loan, Lava Funding and Messrs. Barrasso, Arrante and Fiore diverted funds from another Lava Funding financed project which was not cross collateralized with Walnut Street Partners Loan in reference to a condominium unit development located at 1607 Brown Street, Philadelphia, PA 19130.

### The 1607 Brown Street Loans and the Valley Green Bank Re-Fi

29.     When the Walnut Street Partner's Loan matured, Mr. Bukh was developing a three unit condominium via an entity called 1607 Brown, LLC (the "1607 Brown Project") located at 1607 Brown Street, Philadelphia, PA 19130, which Mr. Bukh was the sole member and managing member.

30.     The 1607 Brown Project was financed by a loan from Lava Funding in the amount of $380,000.00 ("1607 Brown Loan")[5], which was evidenced by a promissory note ("1607 Brown Loan Note"). A true and correct copy of the 1607 Brown Loan Note is attached hereto as **Exhibit F.**

31.     Unknown to Mr. Bukh, Messrs. Barrasso, Fiore and Arrante and Lava Funding used the forged resolution in reference to the Walnut St Partners, LLC pursuant to which Messrs. Bukh and Fields transferred their membership interests within Walnut St Partners, LLC to Messrs. Barrasso ("Walnut Street Resolution"), Fiore, and Arrante. A true and correct copy of the forged resolution is attached hereto as **Exhibit G** and is incorporated herein by reference[6].

---

[5] On September 12, 2012, twenty thousand dollars was applied to the Brown Street Loan from the net proceeds of the sale of the real property located at 3149 Tilton Street, Philadelphia, PA 19134. In February 2013, the loan balance was reduced to $325,000.00 with $35,000.00 being applied by the net proceeds from the sale of the property located at 47 Canoebirch Road. A true and correct copy of the forensic account analysis performed by J&J Accounting of the payoff of the Brown Street Loan is attached hereto as **Exhibit H** and is incorporated herein by reference.

32.     One reason why Messrs. Barrasso, Fiore and Arrante and Lava Funding forged the Walnut Street Resolution was to obtain a refi for the Walnut Street Partners Loan from Valley Green Bank without having to provide a down payment, which required that the forged resolution be back dated to July 1, 2012 (the "Valley Bank Re Fi") and/or to acquire control of the remaining Walnut Street Properties, which they presently still control.

33.     Another reason why the resolution was forged was to allow Lava Funding to sell Walnut Street Partner properties without the authorization and knowledge of Mr. Bukh. Specifically, Messrs. Barrasso, Fiore and Arrante would ultimately use the forged Resolution to sell real estate without the knowledge of Mr. Bukh while not applying the sale proceeds to the indebtedness of against any loan. For example, on October 20, 2014, Walnut ST. Partners, LLC sold 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale

34.     Returning to the Valley Green Re-Fi, to pay the closing costs for the Valley Bank Re-Fi (which included the payment of transfer taxes to transfer properties from Walnut Street Partners to PP, Two, LLC), Messrs Barrasso, Fiore, Arrante and Lava Funding used the net proceeds from the sale of the three condo units from the 1607 Brown Project without the authorization of Mr. Bukh.

35.     The entire indebtedness of the Brown Street Loan should have been paid off by the sale Unit 2 and Unit 3 of the Brown Street Condo. True and correct copies of the respective settlement sheets in reference to the sales of Unit 2 and Unit 3 are attached hereto

as **Exhibit J** and are incorporated herein by reference.

36.     By the time the third unit of the Brown Street Project was sold the Hud 1 makes reference to a nonexistent first mortgage against the property in the amount $231, 247.58 which did not exist. **See Exhibit K**.

37.     After the all three units were sold, Lava Funding was able to get the refi from Valley Green Bank as evidenced by the Settlement Sheet and Loan documentation which is attached hereto as **Exhibit L.**

### *The Warnock Street Properties*

38.     Pursuant to the Proposal, Messrs. Arrante and Fiore also acquired membership interests of Perfect Properties Development, LLC, **before** Lava Funding loaned to Perfect Properties Development a loan in the amount of 2.4 Million to fund demolition work and the construction of four residential units identified under the following addresses:

        a.     801 Unit A S. Warnock Street, Philadelphia PA 19147

        b.     801 Unit B S. Warnock Street, Philadelphia, PA 19147

        c.     803 S. Warnock Street, Philadelphia, PA 19147

        d.     805 S. Warnock Street, Philadelphia, PA 19147

39.  A true and correct copy of the mortgage is attached hereto as **Exhibit M** and is incorporated herein by reference

### *Embezzlement of Loan Funds from the 1701 South Street Properties*

40.     Mr. Barrasso called Bukh and told him that Lava wanted to sell South Street and also told Mr. Bukh pursuant to an e-mail dated April 15, 2014 that if he found a buyer in 30 days he would give Mr. Bukh $100,000.00 and that Mr. Arrante and Mr. Fiore would

transfer their shares in Perfect Properties Development to Mr. Bukh. Thereafter in August 14, 2014, Mr. Arrante and Mr. Fiore signed over 75% of Perfect Properties to Mr. Bukh. On September 12,

41.     Thereafter, Mr. Bukh learned that Lava Funding and Messrs. Barrasso, Arrante, and Fiore were embezzling loan proceeds from the South Street Loan and the Catherine Street Loan.

42.     Mr. Bukh found that $29,183.26 was embezzled from the 1701 South Street Partners Loan.

43.     Mr. Bukh found that $36,387.35 was embezzled from the Catherine Street Loan.  For example, Mr. Bukh found that a check was made payable to Alliance Adult Medical Daycare Services, Inc which was executed by Richard Fiore on April 3, 2014 in the amount of $850.00 identified as Check No. 145 of which Michele Barrasso is the 51 % owner. Michele Barrasso is the wife of John Barrasso. A true and correct copy of the check and operating agreement is attached hereto as **Exhibit N** and is incorporated herein by reference.

44.     On June 20, 2014, counsel for Parke Bank e-mailed John Barrasso and he requested an operating agreement from John Barrasso for 1701 South Street Properties. A true and correct copy of said e-mail is attached hereto as **Exhibit O.**  The Title Company requested a copy of the Perfect Properties Two, LLC Operating Agreement which would have shown that any sale of 1701 South Street would require Mr. Bukh's authorization.

45.     Mr. Bukh found buyers named Avi Nechemia and Rafi Levy who executed an agreement of sale for 1701-09 South Street, Philadelphia, PA 19146. Contemporaneous with execution of said agreement of sale Messrs. Bukh, Fiore and Arrante executed a

Resolution for 1701 South Street Partners which resolved that Mr. Bukh would have sole authority as to the sale subject property pursuant the agreement of sale executed by Messrs. Nechemia and Levy.  A true and correct copy of the Resolution is attached hereto as **Exhibit P** and is incorporated herein by reference.

46.    After Mr. Barrasso had learned of  the agreement of sale executed by Mr. Nechama and Mr. Barrasso  rushed 1701 South Street to settlement without Mr. Bukh's knowledge and Mr. Bukh was not provided the full amount of the net proceeds due which was $100,000.00 from Mr. Barasso. He also orchestrated the creation of a Resolution without Mr. Bukh's knowledge granting Mr. Fiore and Arrante authority to sell 1701 South Street Partners, which was prepared by bank counsel who received money from the settlement, see line item 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500.. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference.

47.    On September 9, 2014, Mr. Bukh received an e-mail from Mr. Barrasso that a mortgage foreclosure action may have to be filed against a certain property located at 801-805 Warnock Street, Philadelphia, PA 19147 which was subject to a $130,000.00 confessed judgment.

48. Said confessed judgment was against Perfect Properties Two and Perfect Properties Development and leined against other properties located at 1406 S. 23rd Street, Philadelphia, PA 19146 and 1422 S. 23rd Street, Philadelphia, PA 19146.

49. Lava Funding offered to pay Mr. Bukh's legal fees to open and/or strike the judgement. If the judgment could not be opened or stricken, Lava would foreclose. A true and correct copy of the invoice dated 12/3/14 is attached hereto as **Exhibit S.** True and

correct copies of the emails from Barrasso to counsel are attached hereto as **Exhibit T.** A true and correct copy of the invoice for legal services is attached hereto as **Exhibit U** and incorporated herein by reference.

### *The Seizure of the Warnock Street Properties*

50.      On September 12, 2014 Lava Funding also started a bogus mortgage foreclosure against Perfect Properties Development, LLC in reference to the property located at 1020 Catherine Street, Philadelphia, PA 19147[7].  Bukh's signature was forged on all the foreclosure documents by Lava Funding, Mr. Barrasso, Mr. Arrante and Mr. Fiore.  Then notarized by a Lava officer Richard Fiore on September 12th 2014.  A true and correct copy of the Mortgage complaint is attached hereto as **Exhibit V** and is incorporated herein by reference.

51.      Thereafter, Lava Funding via a shell llc called 1768 Frankford, LLC[8] and acquired the Warnock Street Properties Street; completed the Warnock Properties and sold them below market value and/or misapplied the net proceeds of sale by not paying down the indebtedness of the loans and withheld net proceeds from the loan which were owed to Mr. Bukh. A true and correct Settlement Statements from sale of the Warnock Properties is attached hereto as **Exhibit W** is incorporated herein by reference.

52.      On December 24, 2014, Lava Funding assigned a mortgage to 2320 York, LLC. The instant mortgage was the blanket mortgage in reference to the loan secured by the $550,000.00 loan to PP Two, LLC loan and Perfect Properties Two as collateral for the

---

[7] 1020 Catherine Street, Philadelphia Pa 19147 was subdivided into four lots and became 801 A Warnock Street, Philadelphia, PA 19147; 801 B Warnock Street, Philadelphia, PA 19147; 803 Warnock Street, Philadelphia, PA 19147 and 805 Warnock Street, Philadelphia, PA 19147.

[8] The mailing address for 1768 Frankford, LLC was the same as Defendant John Barrasso and the members of this LLC were Mr. Arrante and Mr. Fiore

Walnut Street Partners Loan refinance.

53.     Perfect Properties Two, LLC also assigned a deed in lieu of foreclosure to 2320 York, LLC in reference to a property known as 1406 S 23rd Street, Philadelphia, PA and 1422 South 23rd Street, Philadelphia, PA[9] which was forged by Lava Funding, Mr. Barrasso, Mr. Arrante and Mr. Fiore via a **forgery** of Mr. Bukh's signature and notarized on September 12th, 2014 by a Lava officer Richard Fiore.  A true and correct copy of the forged deeds in lieu are attached hereto as **Exhibit X** and is incorporated herein by reference.

54.     Mr. Bukh was unaware of the transfer and the deed in lieu or the forgeries.

55.  On December 24th 2014, after 2320 York Street LLC had the recorded Deeds, Lava Funding took a loan from Parke Bank using 1406 & 1422 S 23rd street in Philadelphia, PA 19146 in the amount of $145,000.  A true and correct copy of the Note is attached hereto as **Exhibit Y** and is incorporated herein by reference.

56.     Subsequent to the transfer of the properties pursuant to the deed in lieu of foreclosure the properties the property known as 1406 S. 23rd Street, Philadelphia, PA was sold below market value to a SSJ Group, LLC below market value. A true and correct copy of the deed is attached hereto as **Exhibit Z** and is incorporated herein by reference in 2015.

57.     Subsequent to the transfer of the properties pursuant to the deed in lieu of foreclosure the property known as 1422 S. 23rd Street, Philadelphia, PA was transferred to Robert J. McDevitt for below market value in 2015. A true and correct copy of the deed is attached hereto as **Exhibit AA** and is incorporated herein by reference

---

[9] 1406 S. 23rd Street, Philadelphia, PA 19146 and 1422 S. 23rd Street, Philadelphia, PA 19146 was collateral owned by Perfect Properties Two, LLC and was used as collateral for the Walnut Street Partners Loan Re-fi

**Count I**
**Plaintiff Eugene Bukh v. All Defendants**
**Walnut Street Partners Loan**
**Breach of Contract-Good Faith and Fair Dealing**

58.     Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

59.     Plaintiffs and Defendants executed various loan documents including a promissory note, mortgage, and construction loan agreement (collectively the Walnut Street Partners Loan Documents) on or about June 1, 2012, whereby Lava Funding agreed to lend one million three hundred thousand dollar loan ($1,300,000.00) to Walnut Street Partners, *inter alia*.

60.     Lava Funding breached various terms of the Walnut Street Partners Loan documents.

61.     Lava Funding breached various terms of the Walnut Street Partners Loan Documents which included an implied covenant of goods faith within the Walnut Street Partners Loan Documents.

62.     Lava Funding breached various terms of the Walnut Street Partners Loan Documents which included a fiduciary duty owed to Mr. Bukh.

63.     The breaches of contract in reference to the Walnut Street Partners Documents made by Lava Funding included (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso, Fiore and Arrante; (5) the embezzlement of loan

proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate with out the authority or knowledge of the Plainitffs.

64.     As a result of said breaches, Mr. Bukh was harmed.

**WHEREFORE**, Plainitffs' request judgment against Defendants as follows:

    a)  A monetary judgment in the amount in excess of $50,000.00; and

    b)  Punitive Damages;

    c)  Compensatory Damages;

    d)  Specific Performance;

    e)  Attorneys' fees and costs of suit; and

    f)  Any relief the Court deems equitable and just.

**Count II**
**Plaintiff Eugene Bukh v. Defendant Lava Funding**
**Walnut Street Partners Loan**
**<u>Breach of Contract</u>**

65.     Mr. Bukh and Lava Funding executed various loan documents, including a promissory note, mortgage, and construction loan agreement on or about June 1, 2012, whereby Lava Funding agreed to lend one million three hundred thousand dollar loan ($1,300,000.00) to Walnut Street Partners, *inter alia*.

66.     Lava Funding owed a fiduciary duty to Mr. Bukh because a confidential relationship arose between Lava Funding and Mr. Bukh when Lava Funding gained substantial control of Walnut Street Partners after Mr. Barrasso made agents and/or principals of Walnut Street Partners members of 1701 South Street and perfect properties Development in connection with a loan workout regarding the Walnut Street Partner's Loan.

67.     Lava Funding owed a fiduciary duty to Mr. Bukh because a confidential relationship arose between Lava Funding and Mr. Bukh when Lava Funding seized control of the following properties owned by Walnut Street Partners in connection with a loan workout regarding the Walnut Street Partner's Loan:

      a.      3937 Claridge Street, Philadelphia, PA 19124

      b.      2227 North Wanamaker Street, Philadelphia, PA 19131

      c.      1933 Elston Street, Philadelphia, PA 19146

      d.      5852 North Marvine Street, Philadelphia, PA 19141

      e.      218 East Wellens Street, Philadelphia, PA 19120

      f.      5115 Leiper Street, Philadelphia. PA 19124

      g.      4761 Vista Street, Philadelphia, PA 19136

      h.      219 Furley Street, Philadelphia, PA 19120

      i.      2511 South Robinson Street, Philadelphia, PA 19142

      j.      5232 Saul Street, Philadelphia, PA 19124

      k.      4408 Hurley Street, Philadelphia, PA 19120

      l.      1724 Federal Street, Philadelphia, PA 19146

      m.      4038 Aldine Street, Philadelphia, PA 19136

      n.      312 N. Cheltenham Avenue, Philadelphia, PA  19120

      o.      5947 N 4th Street, Philadelphia, PA 19120

      p.      5617 Walton Street, Philadelphia, PA  19143

68.     As a result of said breaches, Mr. Bukh was harmed.

**WHEREFORE**, Plainitffs' request judgment against Defendants as follows:

    a)   A monetary judgment in the amount in excess of $50,000.00; and

b)  Punitive Damages;

c)  Compensatory Damages;

d)  Specific Performance;

e)  Attorneys' fees and costs of suit; and

f)  Any relief the Court deems equitable and just.

**Count III**
**Plaintiff Eugene Bukh v. All Defendants**
**Breach of Contract**

69.     Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

70.     Plaintiff and Defendants executed various loan documents including a promissory note, mortgage, and construction loan agreements (collectively the Loan Documents).

71.     Lava Funding breached various terms of various loan documents executed by the Plaintiff.

72.     Lava Funding breached various terms of the Loan Documents which included an implied covenant of goods faith within the Walnut Street Partners Loan Documents.

73.     Lava Funding breached various terms of the Loan Documents which included a fiduciary duty owed to Mr. Bukh.

74.     The breaches of contract in reference to the Loan Documents made by Lava Funding included (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially

unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate with out the authority or knowledge of Mr. Bukh; (7) a diverted funds from the payment of the 1701 South Street loan in the amount of $311,000.00 which had nothing to do with the loan.

75.     As a result of said breaches, Mr. Bukh was harmed.

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a)  A monetary judgment in the amount in excess of $50,000.00; and

b)  Punitive Damages;

c)  Compensatory Damages;

d)  Specific Performance;

e)  Attorneys' fees and costs of suit; and

f)  Any relief the Court deems equitable and just.

**Count IV**
**Plaintiff Eugene Bukh v. All Defendants**
**<u>Abuse of Civil Process</u>**

76.     Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

77.     On September 9, 2014, Mr. Bukh received an e-mail from Mr. Barrasso that a mortgage foreclosure action may have to be filed against a certain property located at 801-805 Warnock Street, Philadelphia, PA 19147 which was subject to a $130,000.00 confessed judgment.

78. Said confessed judgment was against Perfect Properties Two and Perfect Properties Development and leined against other properties located at 1406 S. 23rd Street, Philadelphia, PA 19146 and 1422 S. 23rd Street, Philadelphia, PA 19146.

79. Lava Funding offered to pay Mr. Bukh's legal fees to open and/or strike the judgement. If the judgment could not be opened or stricken, Lava would foreclose. A true and correct copy of the invoice dated 12/3/14 is attached hereto as **Exhibit S.** True and correct copies of the emails from Barrasso to counsel are attached hereto as **Exhibit T.** A true and correct copy of the invoice for legal services is attached hereto as **Exhibit U** and incorporated herein by reference.

80.    On September 12, 2014 Lava Funding also started a bogus mortgage foreclosure against Perfect Properties Development, LLC in reference to the property located at 1020 Catherine Street, Philadelphia, PA 19147[10].  Bukh's signature was forged on all the foreclosure documents by Lava Funding, Mr. Barrasso, Mr. Arrante and Mr. Fiore.  Then notarized by a Lava officer Richard Fiore on September 12th 2014.  A true and correct copy of the Mortgage complaint is attached hereto as **Exhibit V** and is incorporated herein by reference.

81.    Thereafter, Lava Funding acquired the Warnock Street Properties Street; completed the Warnock Properties and sold them below market value and/or misapplied the net proceeds of sale by not pay down the indebtedness of the loans and withheld net proceeds from the loan which were owed to Mr. Bukh. A true and correct Settlement Statements from sale of the Warnock Properties is attached hereto as **Exhibit W** is

---

[10] 1020 Catherine Street, Philadelphia Pa 19147 was subdivided into four lots and became 801 A Warnock Street, Philadelphia, PA 19147; 801 B Warnock Street, Philadelphia, PA 19147; 803 Warnock Street, Philadelphia, PA 19147 and 805 Warnock Street, Philadelphia, PA 19147.

incorporated herein by reference.

82.    On December 24, 2014, Lava Funding assigned a mortgage to 2320 York, LLC. The instant mortgage was the blanket mortgage in reference to the loan secured by the $550,000.00 loan to PP Two, LLC loan and Perfect Properties Two as collateral for the Walnut Street Partners Loan refinance.

83.    Perfect Properties Two, LLC also assigned a deed in lieu of foreclosure to 2320 York, LLC in reference to a property known as 1406 S 23rd Street, Philadelphia, PA and 1422 South 23rd Street, Philadelphia, PA[11] which was forged by Lava Funding, Mr. Barrasso, Mr. Arrante and Mr. Fiore via a **forgery** of Mr. Bukh's signature and notarized on September 12th, 2014 by a Lava officer Richard Fiore.

84.    A true and correct copy of the forged deeds in lieu are attached hereto as **Exhibit X** and is incorporated herein by reference.

85.    Mr. Bukh was unaware of the transfer and the deed in lieu or the forgeries.

86.  On December 24th 2014, after 2320 York Street LLC had the recorded Deeds, Lava Funding took a loan from Parke Bank using 1406 & 1422 S 23rd street in Philadelphia, PA 19146 in the amount of $145,000.  A true and correct copy of the Note is attached hereto as **Exhibit Y** and is incorporated herein by reference.

87.    Subsequent to the transfer of the properties pursuant to the deed in lieu of foreclosure the properties the property known as 1406 S. 23rd Street, Philadelphia, PA was sold below market value to a SSJ Group, LLC below market value. A true and correct copy of the deed is attached hereto as **Exhibit Z** and is incorporated herein by reference in 2015.

---

[11] 1406 S. 23rd Street, Philadelphia, PA 19146 and 1422 S. 23rd Street, Philadelphia, PA 19146 was collateral owned by Perfect Properties Two, LLC and was used as collateral for the Walnut Street Partners Loan Re-fi

88.     Subsequent to the transfer of the properties pursuant to the deed in lieu of foreclosure the property known as 1422 S. 23rd Street, Philadelphia, PA was transferred to Robert J. McDevitt for below market value in 2015. A true and correct copy of the deed is attached hereto as **Exhibit AA** and is incorporated herein by reference

**Count V**
**Plaintiff Eugene Bukh v. All Defendants**
<u>**Conversion**</u>

89.     Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

90. Defendants have embezzled funds from loan proceeds.

91.     Mr. Bukh found that $29,183.26 was embezzled from the 1701 South Street Partners Loan.

92.     Mr. Bukh found that $36,387.35 was embezzled from the Catherine Street Loan.  For example, Mr. Bukh found that a check was made payable to Alliance Adult Medical Daycare Services, Inc which was executed by Richard Fiore on April 3, 2014 in the amount of $850.00 identified as Check No. 145 of which Michele Barrasso is the 51 % owner. Michele Barrasso is the wife of John Barrasso. A true and correct copy of the check and operating agreement is attached hereto as **Exhibit N** and is incorporated herein by reference.  Defendants also converted money from the closing of 1701 South Street to pay for fees unrelated legal fee in the amount of $311,000.00.

93. Defendants forged a resolution to allow Defendants to sell Walnut Street Partner properties without the authorization and knowledge of Mr. Bukh. Specifically, Messrs. Barrasso, Fiore and Arrante would ultimately use the forged Resolution to sell real estate without the knowledge of Mr. Bukh while not applying the sale proceeds to the

indebtedness of against any loan. For example, on October 20, 2014, Walnut ST. Partners, LLC sold 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.  **SEE Exhibit I** a true and correct copies of the Deeds of Sale.

      **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

    a)  A monetary judgment in the amount in excess of $50,000.00; and

    b)  Punitive Damages;

    c)  Compensatory Damages;

    d)  Specific Performance;

    e)  Attorneys' fees and costs of suit; and

    f)  Any relief the Court deems equitable and just.

### Count VI
### Plaintiff Eugene Bukh v. All Defendants
### <u>Fraud</u>

    94.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

    95.    Badges of fraud include (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava

Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; (7) the creation of a bogus resolution and operating agreement to deny Mr. Bukh proceeds from the sale of 1701 South Street after Mr. Bukh had secured a buyer (8) and the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q & Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale

   **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

  a) A monetary judgment in the amount in excess of $50,000.00; and

  b) Punitive Damages;

  c) Compensatory Damages;

  d) Specific Performance;

  e) Attorneys' fees and costs of suit; and

  f) Any relief the Court deems equitable and just.

**Count VII**
**Plaintiff Bukh v. All Defendants**
**<u>Piercing the Corporate Veil</u>**

  96. Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

97.     The corporate veil should be pierced because (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu.

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a)  A monetary judgment in the amount in excess of $50,000.00; and

b)  Punitive Damages;

c)  Compensatory Damages;

d)  Specific Performance;

e)  Attorneys' fees and costs of suit; and

f)  Any relief the Court deems equitable and just.

### Count VIII
### Plaintiff Bukh v. All Defendants
### Tortious Interference of Contract

98.     Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

99.     On June 20, 2014, counsel for Parke Bank e-mailed John Barrasso and he requested an operating agreement from John Barrasso for 1701 South Street Properties. A

true and correct copy of said e-mail is attached hereto as **Exhibit O.**  The Title Company requested a copy of the Perfect Properties Two, LLC Operating Agreement which would have shown that any sale of 1701 South Street would require Mr. Bukh's authorization.

100.    Mr. Bukh found buyers named Avi Nechemia and Rafi Levy who executed an agreement of sale for 1701-09 South Street, Philadelphia, PA 19146. Contemporaneous with execution of said agreement of sale Messrs. Bukh, Fiore and Arrante executed a Resolution for 1701 South Street Partners which resolved that Mr. Bukh would have sole authority as to the sale subject property pursuant the agreement of sale executed by Messrs. Nechemia and Levy.   A true and correct copy of the Resolution is attached hereto as **Exhibit P** and is incorporated herein by reference.

101.    After Mr. Barrasso had learned of the agreement of sale executed by Mr. Nechama and Mr. Barrasso  rushed 1701 South Street to settlement without Mr. Bukh's knowledge and Mr. Bukh was not provided the full amount of the net proceeds due which was $100,000.00 from Mr. Barasso. He also orchestrated the creation of a Resolution without Mr. Bukh's knowledge granting Mr. Fiore and Arrante authority to sell 1701 South Street Partners, which was prepared by bank counsel who received money from the settlement, see line item 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500.. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference.

**Count IX**
**Plaintiff Bukh v. All Defendants**
**Conspiracy**

102.     Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

103.     Defendants conspired to harm the Plaintiffs by (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu and (8)  the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a)  A monetary judgment in the amount in excess of $50,000.00; and

b)  Punitive Damages;

c)  Compensatory Damages;

d)  Specific Performance;

e)  Attorneys' fees and costs of suit; and

f)  Any relief the Court deems equitable and just.

### Count X
### Plaintiff Bukh v. All Defendants
### Breach of Contract

104.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

105.    Defendants by breached operating agreements of various LLCs of which Eugene Bukh was a member by (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu and (8)  the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to

do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale ; (10) refused to provide an accounting of LLC ro which Mr. Bukh was a member; (11) denied meaningful control by Mr. Buckh of said LLCs; (12) failed to provide distribution from said LLC.

      **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

      a)   A monetary judgment in the amount in excess of $50,000.00; and

      b)   Punitive Damages;

      c)   Compensatory Damages;

      d)   Specific Performance;

      e)   Attorneys' fees and costs of suit; and

      f)   Any relief the Court deems equitable and just.

### Count XI
### Plaintiff Bukh v. All Defendants
### Breach of Fiduciary Duty

      106.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

      107.    Defendants by breached their fiduciary duty in reference to Mr. Bukh as to various LLCs of which Eugene Bukh was a member by (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower

entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu and (8)  the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale ; (10) refused to provide an accounting of LLC ro which Mr. Bukh was a member; (11) denied meaningful control by Mr. Bukh of said LLCs; (12) failed to provide distribution from said LLC.

 **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

  a)  A monetary judgment in the amount in excess of $50,000.00; and

  b)  Punitive Damages;

  c)  Compensatory Damages;

  d)  Specific Performance;

e) Attorneys' fees and costs of suit; and

f) Any relief the Court deems equitable and just.

**Count XII**
**Plaintiff Eugene Bukh v. Defendants John Barrasso**
**Conversion**

108.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

109.    Defendant John Barrasso embezzled funds from loan proceeds.

110.    Mr. Bukh found that $29,183.26 was embezzled from the 1701 South Street Partners Loan.

111.    Mr. Bukh found that $36,387.35 was embezzled from the Catherine Street Loan.  For example, Mr. Bukh found that a check was made payable to Alliance Adult Medical Daycare Services, Inc which was executed by Richard Fiore on April 3, 2014 in the amount of $850.00 identified as Check No. 145 of which Michele Barrasso is the 51 % owner. Michele Barrasso is the wife of John Barrasso. A true and correct copy of the check and operating agreement is attached hereto as **Exhibit N** and is incorporated herein by reference.  Defendants also converted money from the closing of 1701 South Street to pay for fees unrelated to the Loan in the amount of $311,000.00.

112. Defendants forged a resolution to allow Defendants to sell Walnut Street Partner properties without the authorization and knowledge of Mr. Bukh. Specifically, Messrs. Barrasso, Fiore and Arrante would ultimately use the forged Resolution to sell real estate without the knowledge of Mr. Bukh while not applying the sale proceeds to the indebtedness of against any loan. For example, on October 20, 2014, Walnut ST. Partners, LLC sold 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC

and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136

to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale.

      **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

      a)  A monetary judgment in the amount in excess of $50,000.00; and

      b)  Punitive Damages;

      c)  Compensatory Damages;

      d)  Specific Performance;

      e)  Attorneys' fees and costs of suit; and

      f)  Any relief the Court deems equitable and just.


### Count XIII
### Plaintiff Eugene Bukh v. Defendant Richard Fiore
### <u>Conversion</u>

113.    Plaintiff incorporates all the above paragraphs as if fully set forth in

verbatim.

114.    Defendant Richard Fiore embezzled funds from loan proceeds.

115.    Mr. Bukh found that $29,183.26 was embezzled from the 1701 South Street

Partners Loan.

116.    Mr. Bukh found that $36,387.35 was embezzled from the Catherine Street

Loan.  For example, Mr. Bukh found that a check was made payable to Alliance Adult

Medical Daycare Services, Inc which was executed by Richard Fiore on April 3, 2014 in

the amount of $850.00 identified as Check No. 145 of which Michele Barrasso is the 51 %

owner. Michele Barrasso is the wife of John Barrasso. A true and correct copy of the check

and operating agreement is attached hereto as **Exhibit N** and is incorporated herein by

reference.  Defendants also converted money from the closing of 1701 South Street to pay for fees unrelated to the Loan in the amount of $311,000.00.

117. Defendants forged a resolution to allow Defendants to sell Walnut Street Partner properties without the authorization and knowledge of Mr. Bukh. Specifically, Messrs. Barrasso, Fiore and Arrante would ultimately use the forged Resolution to sell real estate without the knowledge of Mr. Bukh while not applying the sale proceeds to the indebtedness of against any loan. For example, on October 20, 2014, Walnut ST. Partners, LLC sold 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale.

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a)  A monetary judgment in the amount in excess of $50,000.00; and

b)  Punitive Damages;

c)  Compensatory Damages;

d)  Specific Performance;

e)  Attorneys' fees and costs of suit; and

f)  Any relief the Court deems equitable and just.

**Count XIV**
**Plaintiff Eugene Bukh v. Defendant John Arrante**
**Conversion**

118.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

119.    Defendant John Arrante embezzled funds from loan proceeds.

120.    Mr. Bukh found that $29,183.26 was embezzled from the 1701 South Street

Partners Loan.

121.   Mr. Bukh found that $36,387.35 was embezzled from the Catherine Street Loan.  For example, Mr. Bukh found that a check was made payable to Alliance Adult Medical Daycare Services, Inc which was executed by Richard Fiore on April 3, 2014 in the amount of $850.00 identified as Check No. 145 of which Michele Barrasso is the 51 % owner. Michele Barrasso is the wife of John Barrasso. A true and correct copy of the check and operating agreement is attached hereto as **Exhibit N** and is incorporated herein by reference.  Defendants also converted money from the closing of 1701 South Street to pay for fees unrelated to the Loan in the amount of $311,000.00.

122. Defendants forged a resolution to allow Defendants to sell Walnut Street Partner properties without the authorization and knowledge of Mr. Bukh. Specifically, Messrs. Barrasso, Fiore and Arrante would ultimately use the forged Resolution to sell real estate without the knowledge of Mr. Bukh while not applying the sale proceeds to the indebtedness of against any loan. For example, on October 20, 2014, Walnut ST. Partners, LLC sold 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale.

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a)   A monetary judgment in the amount in excess of $50,000.00; and

b)   Punitive Damages;

c)   Compensatory Damages;

d)   Specific Performance;

e)   Attorneys' fees and costs of suit; and

f)   Any relief the Court deems equitable and just.

**Count XV**
**Plaintiff Eugene Bukh v. Defendant Richard Fiore**
**Conversion**

123.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

124.    Defendant Richard Fiore embezzled funds from loan proceeds.

125.    Mr. Bukh found that $29,183.26 was embezzled from the 1701 South Street Partners Loan.

126.    Mr. Bukh found that $36,387.35 was embezzled from the Catherine Street Loan.  For example, Mr. Bukh found that a check was made payable to Alliance Adult Medical Daycare Services, Inc which was executed by Richard Fiore on April 3, 2014 in the amount of $850.00 identified as Check No. 145 of which Michele Barrasso is the 51 % owner. Michele Barrasso is the wife of John Barrasso. A true and correct copy of the check and operating agreement is attached hereto as **Exhibit N** and is incorporated herein by reference.  Defendants also converted money from the closing of 1701 South Street to pay for fees unrelated to the Loan in the amount of $311,000.00.

127. Defendants forged a resolution to allow Defendants to sell Walnut Street Partner properties without the authorization and knowledge of Mr. Bukh. Specifically, Messrs. Barrasso, Fiore and Arrante would ultimately use the forged Resolution to sell real estate without the knowledge of Mr. Bukh while not applying the sale proceeds to the indebtedness of against any loan. For example, on October 20, 2014, Walnut ST. Partners, LLC sold 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136

to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale.

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a) A monetary judgment in the amount in excess of $50,000.00; and

b) Punitive Damages;

c) Compensatory Damages;

d) Specific Performance;

e) Attorneys' fees and costs of suit; and

f) Any relief the Court deems equitable and just.

### Count XVI
### Plaintiff Bukh v. All Corporate Defendants and John Barrasso
### <u>Piercing the Corporate Veil</u>

128.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

129.    The corporate veil should be pierced as to all corporate defendants in this complaint including Lava Funding, LLC, Walnut Street Partners, LLC, 2320 York Street, 1701 South Street Partners, LLC, and Perfect Properties Development, LLC so as to subject Defendant John Barrasso to personal liability  because (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale

of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu.

WHEREFORE, Plaintiffs' request judgment against Defendants as follows:

    a)  A monetary judgment in the amount in excess of $50,000.00; and

    b)  Punitive Damages;

    c)  Compensatory Damages;

    d)  Specific Performance;

    e)  Attorneys' fees and costs of suit; and

    f)  Any relief the Court deems equitable and just.

**Count XVII**
**Plaintiff Bukh v. All Corporate Defendants and Richard Fiore**
**Piercing the Corporate Veil**

130.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

131.    The corporate veil should be pierced as to all corporate defendants in this complaint including Lava Funding, LLC, Walnut Street Partners, LLC, 2320 York Street, 1701 South Street Partners, LLC, Perfect Properties, LLC so as to subject Defendant Richard Fiore to personal liability  because (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava

Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of

real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil

process by a series of bogus foreclosures and forged deed in lieu.

      **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

     a)  A monetary judgment in the amount in excess of $50,000.00; and

     b)  Punitive Damages;

     c)  Compensatory Damages;

     d)  Specific Performance;

     e)  Attorneys' fees and costs of suit; and

     f)  Any relief the Court deems equitable and just.

**Count XVIII**
**Plaintiff Bukh v. All Corporate Defendants and Defendant John Arrante**
<u>**Piercing the Corporate Veil**</u>

     132.    Plaintiff incorporates all the above paragraphs as if fully set forth in

verbatim.

     133.    The corporate veil should be pierced as to all corporate defendants in this

complaint including Lava Funding, LLC, Walnut Street Partners, LLC, 2320 York Street,

1701 South Street Partners, LLC, Perfect Properties, LLC so as to subject Defendant John

Arrante to personal liability  because (1) the forging of Mr. Bukh's signature on a forged

resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of

agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at

commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the

seizure of control of  borrower entity for the personal gain of officers or agents of Lava

Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan

proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu.

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a) A monetary judgment in the amount in excess of $50,000.00; and

b) Punitive Damages;

c) Compensatory Damages;

d) Specific Performance;

e) Attorneys' fees and costs of suit; and

f) Any relief the Court deems equitable and just.

### Count XIX
### Plaintiff Bukh v. John Barrasso
### Breach of Fiduciary Duty

134.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

135.    Defendant Barrasso  breached his fiduciary duty in reference to Mr. Bukh as to various LLCs of which Eugene Bukh was a member by (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of

Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu and (8) the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale ; (10) refused to provide an accounting of LLC ro which Mr. Bukh was a member; (11) denied meaningful control by Mr. Buckh of said LLCs; (12) failed to provide distribution from said LLC; (12) John Barrasso through his agents took day to day control of Walnut Street Partners, LLC, 2320 York Street, LLC and 1701 South Street Partners, LLC.

     **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

       a)  A monetary judgment in the amount in excess of $50,000.00; and

       b)  Punitive Damages;

       c)  Compensatory Damages;

       d)  Specific Performance;

       e)  Attorneys' fees and costs of suit; and

       f)  Any relief the Court deems equitable and just.

**Count XX**
**Plaintiff Bukh v. Defendant Richard Fiore**
**Breach of Fiduciary Duty**

136.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

137.    Defendants by breached their fiduciary duty in reference to Mr. Bukh as to various LLCs of which Eugene Bukh was a member by (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu and (8)  the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.  **SEE Exhibit I** a true and correct copies of the Deeds of Sale ; (10) refused to provide an accounting of LLC

ro which Mr. Bukh was a member; (11) denied meaningful control by Mr. Buckh of said

LLCs; (12) failed to provide distribution from said LLC; Richard Fiore rough his agents

took day to day control of Walnut Street Partners, LLC, 2320 York Street, LLC and 1701

South Street Partners, LLC.

      **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

      a)  A monetary judgment in the amount in excess of $50,000.00; and

      b)  Punitive Damages;

      c)  Compensatory Damages;

      d)  Specific Performance;

      e)  Attorneys' fees and costs of suit; and

      f)  Any relief the Court deems equitable and just.

**Count XXI**
**Plaintiff Bukh v. Defendant John Arrante**
**Breach of Fiduciary Duty**

    138.    Plaintiff incorporates all the above paragraphs as if fully set forth in

verbatim.

    139.    Defendants by breached their fiduciary duty in reference to Mr. Bukh as to

various LLCs of which Eugene Bukh was a member by (1) the forging of Mr. Bukh's

signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower

entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of

collateral at commercially unreasonable prices; (3) the withholding of loan disbursements;

(4) the seizure of control of  borrower entity for the personal gain of officers or agents of

Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of

loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of

Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu and (8)  the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale ; (10) refused to provide an accounting of LLC ro which Mr. Bukh was a member; (11) denied meaningful control by Mr. Bukh of said LLCs; (12) failed to provide distribution from said LLC; Richard Fiore rough his agents took day to day control of Walnut Street Partners, LLC, 2320 York Street, LLC and 1701 South Street Partners, LLC.

  **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

  a) A monetary judgment in the amount in excess of $50,000.00; and

  b) Punitive Damages;

  c) Compensatory Damages;

  d) Specific Performance;

  e) Attorneys' fees and costs of suit; and

  f) Any relief the Court deems equitable and just.

**Count XXII**
**Plaintiff Eugene Bukh v. Lava Funding, LLC**

**Walnut Street Partners Loan**
**Breach of Contract-Good Faith and Fair Dealing**

140.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

141.    Plaintiff Bukh and Lava Funding executed various loan documents including a promissory note, mortgage, and construction loan agreement (collectively the Walnut Street Partners Loan Documents) on or about June 1, 2012, whereby Lava Funding agreed to lend one million three hundred thousand dollar loan ($1,300,000.00) to Walnut Street Partners, *inter alia*.

142.    Lava Funding breached various terms of the Walnut Street Partners Loan documents.

143.    Lava Funding breached various terms of the Walnut Street Partners Loan Documents which included an implied covenant of goods faith within the Walnut Street Partners Loan Documents.

144.    Lava Funding breached various terms of the Walnut Street Partners Loan Documents which included a fiduciary duty owed to Mr. Bukh.

145.    The breaches of contract in reference to the Walnut Street Partners Documents made by Lava Funding included (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava

Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate with out the authority or knowledge of the Plaintiffs.

146.     As a result of said breaches, Mr. Bukh was harmed.

**WHEREFORE**, plaintiffs'' request judgment against Defendant Lava Funding as follows:

g)   A monetary judgment in the amount in excess of $50,000.00; and

h)   Punitive Damages;

i)   Compensatory Damages;

j)   Specific Performance;

k)   Attorneys' fees and costs of suit; and

l)   Any relief the Court deems equitable and just.

**Count XVIII**
**Plaintiff Eugene Bukh v. Defendant Lava Funding**
**Walnut Street Partners Loan**
**<u>Breach of Contract</u>**

147.     Mr. Bukh and Lava Funding executed various loan documents, including a promissory note, mortgage, and construction loan agreement on or about June 1, 2012, whereby Lava Funding agreed to lend one million three hundred thousand dollar loan ($1,300,000.00) to Walnut Street Partners, *inter alia*.

148.     Lava Funding owed a fiduciary duty to Mr. Bukh because a confidential relationship arose between Lava Funding and Mr. Bukh when Lava Funding gained substantial control of Walnut Street Partners after Mr. Barrasso made agents and/or principals of Walnut Street Partners members of 1701 South Street and perfect properties Development in connection with a loan workout regarding the Walnut Street Partner's Loan.

149.    Lava Funding owed a fiduciary duty to Mr. Bukh because a confidential relationship arose between Lava Funding and Mr. Bukh when Lava Funding seized control of the following properties owned by Walnut Street Partners in connection with a loan workout regarding the Walnut Street Partner's Loan:

       a.     3937 Claridge Street, Philadelphia, PA 19124

       b.     2227 North Wanamaker Street, Philadelphia, PA 19131

       c.     1933 Elston Street, Philadelphia, PA 19146

       d.     5852 North Marvine Street, Philadelphia, PA 19141

       e.     218 East Wellens Street, Philadelphia, PA 19120

       f.     5115 Leiper Street, Philadelphia. PA 19124

       g.     4761 Vista Street, Philadelphia, PA 19136

       h.     219 Furley Street, Philadelphia, PA 19120

       i.     2511 South Robinson Street, Philadelphia, PA 19142

       j.     5232 Saul Street, Philadelphia, PA 19124

       k.     4408 Hurley Street, Philadelphia, PA 19120

       l.     1724 Federal Street, Philadelphia, PA 19146

       m.     4038 Aldine Street, Philadelphia, PA 19136

       n.     312 N. Cheltenham Avenue, Philadelphia, PA  19120

       o.     5947 N 4th Street, Philadelphia, PA 19120

       p.     5617 Walton Street, Philadelphia, PA  19143

150.    As a result of said breaches, Mr. Bukh was harmed.

**WHEREFORE**, Plaintiffs'' request judgment against Defendants as follows:

   g)   A monetary judgment in the amount in excess of $50,000.00; and

h)  Punitive Damages;

i)  Compensatory Damages;

j)  Specific Performance;

k)  Attorneys' fees and costs of suit; and

Any relief the Court deems equitable and just.

### Count XXIX
### Plaintiff Bukh v. Lava Funding, LLC
### Conspiracy

151.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

152.    Defendant Lava Funding conspired to harm the Plaintiffs by (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu and (8)  the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by

reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.  **SEE Exhibit I** a true and correct copies of the Deeds of Sale

> **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

    a)  A monetary judgment in the amount in excess of $50,000.00; and

    b)  Punitive Damages;

    c)  Compensatory Damages;

    d)  Specific Performance;

    e)  Attorneys' fees and costs of suit; and

    f)  Any relief the Court deems equitable and just.

### Count XXX
### Plaintiff Bukh v. John Barrasso, Richard Fiore and John Arrante
### Conspiracy

153.     Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

154.     Defendant Barrasso, Arrante and Fiore conspired to harm the Plaintiffs by (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the

personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; and (7) and the abuse of civil process by a series of bogus foreclosures and forged deed in lieu and (8)  the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct copies of the Deeds of Sale

   **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

   a) A monetary judgment in the amount in excess of $50,000.00; and

   b) Punitive Damages;

   c) Compensatory Damages;

   d) Specific Performance;

   e) Attorneys' fees and costs of suit; and

   f) Any relief the Court deems equitable and just

**Count XXXI**
**Plaintiff Bukh v. Lava Funding, LLC**
**Tortious Interference of Contract**

155. Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

156.    On June 20, 2014, counsel for Parke Bank e-mailed John Barrasso and he requested an operating agreement from John Barrasso for 1701 South Street Properties. A true and correct copy of said e-mail is attached hereto as **Exhibit O.**  The Title Company requested a copy of the Perfect Properties Two, LLC Operating Agreement which would have shown that any sale of 1701 South Street would require Mr. Bukh's authorization.

157.    Mr. Bukh found buyers named Avi Nechemia and Rafi Levy who executed an agreement of sale for 1701-09 South Street, Philadelphia, PA 19146. Contemporaneous with execution of said agreement of sale Messrs. Bukh, Fiore and Arrante executed a Resolution for 1701 South Street Partners which resolved that Mr. Bukh would have sole authority as to the sale subject property pursuant the agreement of sale executed by Messrs. Nechemia and Levy.   A true and correct copy of the Resolution is attached hereto as **Exhibit P** and is incorporated herein by reference.

158.    After Mr. Barrasso had learned of the agreement of sale executed by Mr. Nechama and Mr. Barrasso  rushed 1701 South Street to settlement without Mr. Bukh's knowledge and Mr. Bukh was not provided the full amount of the net proceeds due which was $100,000.00 from Mr. Barasso. He also orchestrated the creation of a Resolution without Mr. Bukh's knowledge granting Mr. Fiore and Arrante authority to sell 1701 South Street Partners, which was prepared by bank counsel who received money from the settlement, see line item 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500.. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference.

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a)  A monetary judgment in the amount in excess of $50,000.00; and

b) Punitive Damages;

c) Compensatory Damages;

d) Specific Performance;

e) Attorneys' fees and costs of suit; and

f) Any relief the Court deems equitable and just.

.   **Count XXXVI**
**Plaintiff Bukh v. John Barrasso**
**<u>Tortious Interference of Contract</u>**

159.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

160.    On June 20, 2014, counsel for Parke Bank e-mailed John Barrasso and he requested an operating agreement from John Barrasso for 1701 South Street Properties. A true and correct copy of said e-mail is attached hereto as **Exhibit O.**  The Title Company requested a copy of the Perfect Properties Two, LLC Operating Agreement which would have shown that any sale of 1701 South Street would require Mr. Bukh's authorization.

161.    Mr. Bukh found buyers named Avi Nechemia and Rafi Levy who executed an agreement of sale for 1701-09 South Street, Philadelphia, PA 19146. Contemporaneous with execution of said agreement of sale Messrs. Bukh, Fiore and Arrante executed a Resolution for 1701 South Street Partners which resolved that Mr. Bukh would have sole authority as to the sale subject property pursuant the agreement of sale executed by Messrs. Nechemia and Levy.   A true and correct copy of the Resolution is attached hereto as **Exhibit P** and is incorporated herein by reference.

162.    After Mr. Barrasso had learned of the agreement of sale executed by Mr. Nechama and Mr. Barrasso  rushed 1701 South Street to settlement without Mr. Bukh's

knowledge and Mr. Bukh was not provided the full amount of the net proceeds due which was $100,000.00 from Mr. Barasso. He also orchestrated the creation of a Resolution without Mr. Bukh's knowledge granting Mr. Fiore and Arrante authority to sell 1701 South Street Partners, which was prepared by bank counsel who received money from the settlement, see line item 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500.. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference.

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a) A monetary judgment in the amount in excess of $50,000.00; and

b) Punitive Damages;

c) Compensatory Damages;

d) Specific Performance;

e) Attorneys' fees and costs of suit; and

f) Any relief the Court deems equitable and just

.   **Count XXXVII**
**Plaintiff Bukh v. Richard Fiore**
**<u>Tortious Interference of Contract</u>**

163.     Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

164.     On June 20, 2014, counsel for Parke Bank e-mailed John Barrasso and he requested an operating agreement from John Barrasso for 1701 South Street Properties. A true and correct copy of said e-mail is attached hereto as **Exhibit O.**  The Title Company requested a copy of the Perfect Properties Two, LLC Operating Agreement which would have shown that any sale of 1701 South Street would require Mr. Bukh's authorization.

165.    Mr. Bukh found buyers named Avi Nechemia and Rafi Levy who executed an agreement of sale for 1701-09 South Street, Philadelphia, PA 19146. Contemporaneous with execution of said agreement of sale Messrs. Bukh, Fiore and Arrante executed a Resolution for 1701 South Street Partners which resolved that Mr. Bukh would have sole authority as to the sale subject property pursuant the agreement of sale executed by Messrs. Nechemia and Levy.   A true and correct copy of the Resolution is attached hereto as **Exhibit P** and is incorporated herein by reference.

166.    After Mr. Barrasso had learned of the agreement of sale executed by Mr. Nechama and Mr. Barrasso  rushed 1701 South Street to settlement without Mr. Bukh's knowledge and Mr. Bukh was not provided the full amount of the net proceeds due which was $100,000.00 from Mr. Barasso. He also orchestrated the creation of a Resolution without Mr. Bukh's knowledge granting Mr. Fiore and Arrante authority to sell 1701 South Street Partners, which was prepared by bank counsel who received money from the settlement, see line item 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500.. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference.

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a)  A monetary judgment in the amount in excess of $50,000.00; and

b)  Punitive Damages;

c)  Compensatory Damages;

d)  Specific Performance;

e)  Attorneys' fees and costs of suit; and

f)  Any relief the Court deems equitable and just

g)  Court deems equitable and just

.   **Count XXXVIII**
**Plaintiff Bukh v. John Arrante**
**<u>Tortious Interference of Contract</u>**

167.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

168.    On June 20, 2014, counsel for Parke Bank e-mailed John Barrasso and he requested an operating agreement from John Barrasso for 1701 South Street Properties. A true and correct copy of said e-mail is attached hereto as **Exhibit O.**  The Title Company requested a copy of the Perfect Properties Two, LLC Operating Agreement which would have shown that any sale of 1701 South Street would require Mr. Bukh's authorization.

169.    Mr. Bukh found buyers named Avi Nechemia and Rafi Levy who executed an agreement of sale for 1701-09 South Street, Philadelphia, PA 19146. Contemporaneous with execution of said agreement of sale Messrs. Bukh, Fiore and Arrante executed a Resolution for 1701 South Street Partners which resolved that Mr. Bukh would have sole authority as to the sale subject property pursuant the agreement of sale executed by Messrs. Nechemia and Levy.   A true and correct copy of the Resolution is attached hereto as **Exhibit P** and is incorporated herein by reference.

170.    After Mr. Barrasso had learned of the agreement of sale executed by Mr. Nechama and Mr. Barrasso  rushed 1701 South Street to settlement without Mr. Bukh's knowledge and Mr. Bukh was not provided the full amount of the net proceeds due which was $100,000.00 from Mr. Barasso. He also orchestrated the creation of a Resolution without Mr. Bukh's knowledge granting Mr. Fiore and Arrante authority to sell 1701 South Street Partners, which was prepared by bank counsel who received money from the

settlement, see line item 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500.. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference.

      **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

      g)  A monetary judgment in the amount in excess of $50,000.00; and

      h)  Punitive Damages;

      i)  Compensatory Damages;

      j)  Specific Performance;

      k)  Attorneys' fees and costs of suit; and

      l)  Any relief the Court deems equitable and just

### Count XXXIX
### Plaintiff Eugene Bukh v. Defendant Lava Funding, LLC
### <u>Fraud</u>

      171.   Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

      172.   Badges of fraud include (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava

Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; (7) the creation of a bogus resolution and operating agreement to deny Mr. Buikh proceeds from the sale of 1701 South Street after Mr. Bukh had secured a buyer (8) and the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.  **SEE Exhibit I** a true and correct copies of the Deeds of Sale

> **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

> a)  A monetary judgment in the amount in excess of $50,000.00; and

> b)  Punitive Damages;

> c)  Compensatory Damages;

> d)  Specific Performance;

> e)  Attorneys' fees and costs of suit; and

> f)  Any relief the Court deems equitable and just.

**Count XXXX**
**Plaintiff Eugene Bukh v. Defendant John Barrasso**
<u>**Fraud**</u>

173.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

174.     Badges of fraud include (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; (7) the creation of a bogus resolution and operating agreement to deny Mr. Buikh proceeds from the sale of 1701 South Street after Mr. Bukh had secured a buyer (8) and the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.  **SEE Exhibit I** a true and correct copies of the Deeds of Sale

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a)   A monetary judgment in the amount in excess of $50,000.00; and

b)   Punitive Damages;

c)   Compensatory Damages;

d)  Specific Performance;

e)  Attorneys' fees and costs of suit; and

f)  Any relief the Court deems equitable and just.

**Count XXXIX**
**Plaintiff Eugene Bukh v. Defendant John Arrante**
**Fraud**

175.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

176.    Badges of fraud include (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; (7) the creation of a bogus resolution and operating agreement to deny Mr. Buikh proceeds from the sale of 1701 South Street after Mr. Bukh had secured a buyer (8) and the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a

Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine

Street, Philadelphia, PA 19136 to Jose Bracero Morales.   **SEE Exhibit I** a true and correct

copies of the Deeds of Sale

**WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

a) A monetary judgment in the amount in excess of $50,000.00; and

b) Punitive Damages;

c) Compensatory Damages;

d) Specific Performance;

e) Attorneys' fees and costs of suit; and

f) Any relief the Court deems equitable and just.

### Count XXXIX
### Plaintiff Eugene Bukh v. Defendant Richard Fiore
### Fraud

177.     Plaintiff incorporates all the above paragraphs as if fully set forth in

verbatim.

178.     Badges of fraud include (1) the forging of Mr. Bukh's signature on a forged

resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of

agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at

commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the

seizure of control of  borrower entity for the personal gain of officers or agents of Lava

Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan

proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava

Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of

real estate without the authority or knowledge of Mr. Bukh; (7) the creation of a bogus resolution and operating agreement to deny Mr. Buikh proceeds from the sale of 1701 South Street after Mr. Bukh had secured a buyer (8) and the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties  at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.  **SEE Exhibit I** a true and correct copies of the Deeds of Sale

WHEREFORE, Plaintiffs' request judgment against Defendants as follows:

a)  A monetary judgment in the amount in excess of $50,000.00; and

b)  Punitive Damages;

c)  Compensatory Damages;

d)  Specific Performance;

e)  Attorneys' fees and costs of suit; and

f)  Any relief the Court deems equitable and just.


**Count XXXX**
**Plaintiff Eugene Bukh v. Defendant Lava Funding, LLC**
**RICO VIOLATIONS (18 USC Section 1964)**


179.    Plaintiff incorporates all the above paragraphs as if fully set forth in verbatim.

180.    Plaintiff is a "person" within the meaning of 18 U.S.C. §§ 1061(3) and 1964(c).

181.    Defendant Perfect Properties Development, LLC, Defendant John Barrasso, Defendant John Arrante, Defendant Lava Funding, LLC, Defendant 1701 South Street Partners, LLC, Defendant Walnut Street Partners, LLC, Defendant 2320 York Street, LLC, and Defendant 1768 Frankford, LLC are persons within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

182.    Defendant Perfect Properties Development, LLC, Defendant John Barrasso, Defendant John Arrante, Defendant Lava Funding, LLC, Defendant 1701 South Street Partners, LLC, Defendant Walnut Street Partners, LLC, Defendant 2320 York Street, LLC, and Defendant 1768 Frankford, LLC, as well as said defendants officers, agents, and employees in Pennsylvania and New Jersey, were a group of persons associated together in fact for the common purpose of carrying out the fraudulent scheme described in the Complaint; namely  under the direction of Defendant Lava Funding, LLC and Defendant John Barrasso,  Defendant John Fiore and Defendant John Arrante seized control of certain borrowing entities (i.e. Defendant Perfect Properties Development, LLC, Defendant 1701 South Street Partners, LLC, and Walnut Street Partners, LLC) from the Plaintiff in order to obtain financing from third party lenders (i.e. Park Bank and Valley Bank) and to seize real estate controlled by certain borrowing entities (i.e. Defendant Walnut Street Partners, LLC, Defendant 1701 South Street Partners, LLC) in order to liquidate said assets and to wrongfully take the net proceeds from loans to pay off debts owed to the Defendants creditors and to finance the Defendant's embezzlement of loan (i.e. a check payable to an adult day care, legal fees for ) and on at least one occasion to pay a loan which did not exist

constituting association-in-fact enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). In the alternative the Defendants are an enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). During all times, these Enterprises were engaged in, and their activities affected by, interstate and foreign commerce.

183.    In violation 18 U.S.C. § 1962(c), the Defendants, directly or indirectly conducted racketeering activity as described in Paragraph 180, including and not limited to, the forgery of Defendant borrowing entity resolutions to obtain financing from third party lenders and the forgery of deeds in lieu of foreclosure to take collateral from the Defendant borrowing entity and transferring said collateral to other Defendant entities (i.e. Defendant Perfect Properties Development, LLC, Defendant John Barrasso, Defendant John Arrante, Defendant Lava Funding, LLC, Defendant 1701 South Street Partners, LLC, Defendant Walnut Street Partners, LLC, Defendant 2320 York Street, LLC, and Defendant 1768 Frankford, LLC).

184.    To execute the this scheme or artifice, Defendant Perfect Properties Development, LLC, Defendant John Barrasso, Defendant John Arrante, Defendant Lava Funding, LLC, Defendant 1701 South Street Partners, LLC, Defendant Walnut Street Partners, LLC, Defendant 2320 York Street, LLC, and Defendant 1768 Frankford, LLC transmitted or caused to be transmitted by means of wire communications in interstate commerce, the following writings, signs, signals, pictures, e-mails, and sounds (the "wirings", and also caused to be deposited the following matters and things to be placed in any post office or authorized depository, or deposited or caused to be deposited the following matters or things to be sent or delivered by a private or commercial interstate carrier (the "mailings").

(A) wirings and/or mailings were all related  in that the wirings and mailings were between Plaintiff and Defendant John Barrasso, Defendant Lava Funding, LLC, Defendant Lava Funding, LLC's lawyer Michael Kuldiner, Esquire, Defendant Richard Fiore, Defendant John Arrante; Parke Bank, Valley Green Bank, First Platinum Abstract Title Company, and Andrew Teitleman, Esquire and Joseph Kerrigan, Esquire, and Richard Fiore, Esquire;

(B) the wring of funds from Lava Funding, LLC to  Defendant Perfect Properties Development, LLC, Defendant John Barrasso, Defendant John Arrante, Defendant Lava Funding, LLC, Defendant 1701 South Street Partners, LLC, Defendant Walnut Street Partners, LLC;

(c) the recording of deeds in lieu of foreclosure by Defendant John Barrasso, Defendant John Arrante; Defendant Lava Funding, LLC, Defendant Richard Fiore and the transfer of properties owned by Walnut Street Partner, LLC via the Philadelphia Recorder of Deeds electronic filing system and the transfer of the Warnock Street properties to 1788 Frankford, LLC;

183. The acts of mail and wire fraud constituted a continuous pattern of racketeering activity as the term is defined in 18 U.S.C. § 1961(5). Defendant John Barroso, Defendant Richard Fiore and Defendant John Arrante, Defendant Lava Funding, LLC structured, extended and then administered loans since 2012 through 2016 to borrower entities used by the Plaintiff, and Defendant John Barroso, Defendant Richard Fiore and Defendant John Arrante, Defendant Lava Funding, LLC seized control of Defendant borrower entities from the Plaintiff in order to seize and liquidate collateral assets, apply for loans from other lenders and to take the net proceeds of loans to pay the creditors of

Defendant John Barrasso, Defendant Richard Fiore, Defendant John Arrante and Defendant Lava Funding, LLC. As a result of each mail or wire fraud, the same victim Plaintiff Eugen Bukh suffered the same damage (the payment of unauthorized interest and principle, the loss of real property, the loss of loan net proceeds, the loss of control of borrower entities.)

185. The racketing activity included the (1) the forging of Mr. Bukh's signature on a forged resolution transferring Mr. Bukh's ownership interest in a Borrower entity in favor of agents and/or principals of Lava Funding; (2) the sale or liquidation of collateral at commercially unreasonable prices; (3) the withholding of loan disbursements; (4) the seizure of control of  borrower entity for the personal gain of officers or agents of Lava Funding, including Messrs. Barrasso,  Fiore and Arrante; (5) the embezzlement of loan proceeds disbursed to Borrower entities for the personal gain of officer or agents of Lava Funding officers or agents, including Messrs. Barrasso, Fiore and Arrant; (6) the sale of real estate without the authority or knowledge of Mr. Bukh; (7) the creation of a bogus resolution and operating agreement to deny Mr. Buikh proceeds from the sale of 1701 South Street after Mr. Bukh had secured a buyer (8) and the diversion of money from the closing of 1701 South Street to pay 1302 "invoice in the amount of $311,033.39 & Line item 1306 Legal Fee in the amount of $13,500 which had nothing to do with the 1701 South Street Loan. A true and correct copy of the Resolution & Hud/Deed is attached here **Exhibit Q** & **Exhibit R** is incorporated herein by reference; (9) the Defendants used a forged resolution to sell properties at 1724 Federal Street, Philadelphia, PA 19146 to a Mega New Investments, LLC and on July 8, 2015, Walnut ST. Partners sold 4038 Aldine Street, Philadelphia, PA 19136 to Jose Bracero Morales.  **SEE Exhibit I** a true and correct

copies of the Deeds of Sale and the also the payment of a nonexistent mortgage and (10) Lava Funding also started a bogus mortgage foreclosure against Perfect Properties Development, LLC in reference to the property located at 1020 Catherine Street, Philadelphia, PA 19147[12]. And Mr. Bukh's signature was forged on all the foreclosure documents by Lava Funding, Mr. Barrasso, Mr. Arrante and Mr. Fiore.  These documents were notarized by Mr. Fiore on September 12th 2014.  A true and correct copy of the Mortgage complaint is attached hereto as **Exhibit V** and is incorporated herein by reference. Thereafter, Lava Funding via a shell llc called 1768 Frankford, LLC[13] acquired the Warnock Street Properties Street; completed the Warnock Properties and sold them below market value and/or misapplied the net proceeds of sale by not paying down the indebtedness of the loans and withheld net proceeds from the loan which were owed to Mr. Bukh. A true and correct Settlement Statements from sale of the Warnock Properties is attached hereto as **Exhibit W** is incorporated herein by reference and (11) on December 24, 2014, Lava Funding assigned a mortgage to 2320 York, LLC. The instant mortgage was the blanket mortgage in reference to the loan secured by the $550,000.00 loan to PP Two, LLC loan and Perfect Properties Two as collateral for the Walnut Street Partners Loan refinance and (12) Plaintiff Perfect Properties Two, LLC also assigned a deed in lieu of foreclosure to 2320 York, LLC in reference to a property known as 1406 S 23rd Street, Philadelphia, PA and 1422 South 23rd Street, Philadelphia, PA[14] which was forged by Lava

---

[12] 1020 Catherine Street, Philadelphia Pa 19147 was subdivided into four lots and became 801 A Warnock Street, Philadelphia, PA 19147; 801 B Warnock Street, Philadelphia, PA 19147; 803 Warnock Street, Philadelphia, PA 19147 and 805 Warnock Street, Philadelphia, PA 19147.

[13] The mailing address for 1768 Frankford, LLC was the same as Defendant John Barrasso and the members of this LLC were Mr. Arrante and Mr. Fiore

[14] 1406 S. 23rd Street, Philadelphia, PA 19146 and 1422 S. 23rd Street, Philadelphia, PA 19146 was collateral owned by Perfect Properties Two, LLC and was used as collateral for the Walnut Street Partners Loan Re-fi

Funding, Mr. Barrasso, Mr. Arrante and Mr. Fiore via a **forgery** of Mr. Bukh's signature and notarized on September 12th, 2014 by a Lava officer Richard Fiore.  A true and correct copy of the forged deeds in lieu are attached hereto as **Exhibit X** and is incorporated herein by reference and (13) on December 24th 2014, after 2320 York Street LLC had the recorded Deeds, Lava Funding took a loan from Parke Bank using 1406 & 1422 S 23rd street in Philadelphia, PA 19146 in the amount of $145,000.  A true and correct copy of the Note is attached hereto as **Exhibit Y** and is incorporated herein by reference and subsequent to the transfer of the properties pursuant to the deed in lieu of foreclosure the properties the property known as 1406 S. 23rd Street, Philadelphia, PA was sold below market value to a SSJ Group, LLC below market value. A true and correct copy of the deed is attached hereto as **Exhibit Z** and is incorporated herein by reference in 2015 and subsequent to the transfer of the properties pursuant to the deed in lieu of foreclosure the property known as 1422 S. 23rd Street, Philadelphia, PA was transferred to Robert J. McDevitt for below market value in 2015. A true and correct copy of the deed is attached hereto as **Exhibit AA** and is incorporated herein by reference

      **WHEREFORE**, Plaintiffs' request judgment against Defendants as follows:

      a)  A monetary judgment in the amount in excess of $70,000.00; trebled pursuant to RICO

      b)  Punitive Damages;

      c)  Compensatory Damages;

      d)  Specific Performance;

      e)  Attorneys' fees and costs of suit pursuant to 18 U.S.C. § 1964 (c); and

      f)  Any relief the Court deems equitable and just.

THE LAW OFFICES OF JON TAYLOR

Dated:

_____
Jon Taylor, Esquire
Attorney for the Plaintiff

## **<u>VERIFICATION</u>**

I, Eugene Bukh, hereby verify that I am authorized to execute this verification and that the averments made in the foregoing document are true and correct to the best of my knowledge, information, and belief and that I am doing so due to filing deadlines. I understand that the statements herein are made subject to the penalties of 18 Pa. CS. §4904 relating to unsworn falsifications to authorities.


Dated:                                            _____
                                                        Eugene Bukh